ELDORA G. RICHARDSON, Plaintiff

v.

GEORGE JULIAN HERBERT RICHARDSON, Defendant

Family No. 837-77

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

January 27, 1978

WILLIAM BAILEY, ESQ. (BAILEY, WOOD & ROSENBERG), St. Thomas, V.I., *for plaintiff*

GEORGE RICHARDSON (C/O BONDEL CANEG), St. Phillipsberg, St. Martin, Netherlands Antilles, *for defendant*

FEUERZEIG, *Judge*

### MEMORANDUM OPINION AND ORDER

 Plaintiff Eldora G. Richardson, by and through her attorneys Bailey, Wood & Rosenberg, William W. Bailey of counsel, seeks a divorce and has moved for a default against the defendant, George Richardson. As grounds therefor she alleges that the defendant has not appeared. The defendant, however, by letter dated December 5, 1977, acknowledged receipt of the court summons, disputed the allegations of the complaint that the marriage had irretrievably broken down, and asserted an active interest in contesting the action. This is sufficient notice to the plaintiff of the defendant's position, and constitutes an

"appearance" sufficient to justify a denial of plaintiff's motion for default.

Present federal pleading practice largely serves the function of apprising the opposing parties of the nature of the litigation and the claims or defenses that are being raised by the suit. Consequently, a party need only plead in terms that are sufficient to provide the necessary notice to his adversary.

5 Wright and Miller, Federal Practice and Procedure: Civil § 1281, at 363 (1969). Moreover, under Rule 8(f), Federal Rules of Civil Procedure, 5 V.I.C. App. I R.8(f), all pleadings are to be construed to do substantial justice. This provision is not merely precatory but it reflects

one of the basic philosophies of practice under the federal rules. . . . Lawsuits should be determined on their merits and according to the dictates of justice, rather than in terms of whether or not the averments in the paper pleadings have been artfully drawn.

5 Wright and Miller, supra, § 1286, at 381. Finally, the spirit of Rule 8(f) takes on added urgency where, as here,

a court is dealing with an answer drawn by a layman unskilled in the law. In these cases, technical deficiencies in the answer will be treated leniently and the entire pleading will be scrutinized to determine if any legally cognizable claim can be found within it. Id. at 382–83.

A liberal construction of the pleadings is especially called for where they were prepared by a layman.

DeWitt v. Pail, 366 F.2d 682 (9th Cir. 1966). Plaintiff's motion for default accordingly is denied.

In construing defendant's letter it is clear that he also is requesting a postponement of any action the court might take or of any hearings the court might schedule until such time as he can obtain a visa to enter the jurisdiction and defend this action personally. He wrote:

I hereby inform you that I have applied for a visa to enter the U.S. Virgin Islands. . . As soon as I have received this document I'll be

294

arriving in St. Thomas to answer the charges brought against me by my wife Eldora G. Richardson. . . . I have no intention of dissolving my marriage and I trust that the court may delay the ruling on this matter until I arrive in St. Thomas.

It should be noted that as yet no date has been set for a hearing on this action, although plaintiff's motion for a default requests the court to schedule a hearing. Defendant's request for a postponement, having been filed before a date had been set for a hearing on the matter, is not, therefore, a request for a continuance. The court believes, however, that the two situations are sufficiently similar so that the reasoning applicable to one is applicable to the other. This is appropriate in light of the paucity of authority on the issue at hand. Accordingly, the court turns to decisions construing motions for continuance, keeping in mind the prevailing philosophy of liberally construing pro se pleadings.

 The granting or denying of a motion for continuance is within the sound discretion of the trial judge. Hodge v. Hodge, 11 V.I. 470, 507 F.2d 87 (3d Cir. 1975). What is demanded is the exercise of judicial discretion "in the exquisite sense." United States ex rel. Carey v. Rundle, 409 F.2d 1210, 1215 (3d Cir. 1969). The conflicting demands of due process and the need for the speedy and efficient resolution of cases must be accommodated. On the one hand:

a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend . . . an empty formality.

Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849 (1964). On the other hand,

it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel.

**Id.** In the final analysis

there are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

Id. 376 U.S. at 589, 84 S.Ct. at 850. As noted, however, the case has not even been set down for a hearing, so the consideration of inconvenience to the plaintiff or her witnesses must, at this stage, be considered de minimis. Absent a showing by plaintiff that a delay will work substantial prejudice to her case, or a showing of other, corroborating evidence that defendant does in fact have a visa and can freely enter the Virgin Islands, the court will grant defendant's request for a postponement of any action taken on plaintiff's complaint. Surely, in an action for divorce, touching on matters so crucial to an individual's emotional well-being and family life, requests for postponements should be liberally granted. This is particularly so in the instant action in light of the defendant's alleged inability to enter the jurisdiction to personally defend and testify.

WHEREFORE, it is

ORDERED, ADJUDGED and DECREED that this matter is continued without date; and it is further

ORDERED that defendant shall within 30 days of the date of this order report to the court what progress he has made in securing a visa and when he expects to arrive in the Virgin Islands, and it is further

ORDERED that upon receipt of the defendant's response to this order the matter will forthwith be set down for a hearing, and it is further

ORDERED that failure of defendant to respond to this order will result in this court acting favorably on a request

that the matter be scheduled for a hearing, and it is further

ORDERED that a copy of this order be mailed postage prepaid, return receipt requested, directed to the defendant at the return address given on his December 5, 1977, letter to the Clerk of this court.