
**FILED**
July 22, 2021
ST-2019-CV-00591
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **FRANCIS B. SERIEUX,** | ) | **CASE NO. ST-19-CV-591** |
| **Plaintiff,** | ) | |
| v. | ) | **(Transferred from the** |
| **SCHNEIDER CLINIC and ST.** | ) | **Small Claims Division** |
| **THOMAS EAST END MEDICAL** | ) | **Case No. ST-19-SM-228)** |
| **CENTER CORPORATION** | ) | |
| **Defendants** | ) | |
| | ) | |

2021 VI Super 76

**MEMORANDUM OPINION AND ORDER**

¶1 **THIS MATTER** is before the court on Defendant St. Thomas East End Medical Center Corporation's (STEEMCC) Renewed Motion to Dismiss filed on May 12, 2021 and Plaintiff's response filed on May 26, 2021.

## I.     FACTS AND BACKGROUND

¶2 Francis B. Serieux ("Serieux") claims that in 2011 he was refused certain medical services by STEEMCC and "Schneider Clinic." Serieux alleges that physicians at both locations were unwilling to sign his disability papers.[1] Serieux further suggests that other privately funded doctors on island are unable to sign disability papers due to a policy instituted by these two publicly funded organizations.[2] He additionally accuses STEEMCC and Schneider Clinic of failing to transfer a prescription from a Puerto Rican slip to one that could be used at a local Virgin Islands pharmacy.[3] Moreover, Serieux contends that STEEMCC and Schneider Clinic unfairly denied him medical attention. This was, in his opinion, probably due to his being disabled, an individual on Medicaid, and/or in response to his tape-recording appointments to ensure he received adequate care.[4]

---

[1] Pl.'s Mot. Giving Definite Statement 5:11-13.
[2] Pl.'s Mot. Giving Definite Statement 5:2-5.
[3] Pl.'s Mot. Giving Definite Statement 1: 8-10.
[4] Pl.'s Mot. Giving Definite Statement 2:1-3 – 3:12-14.

*Serieux v. Schneider Clinic*
*2019-CV-00591*
*Memorandum Opinion and Order*
*Page 2*

¶3      Serieux argues that a combination of the aforementioned factors led him to be bedridden and unable to claim disability for a ten (10) month period in 2011. This was followed by six (6) months in 2012, six (6) months in 2013, and four (4) months in 2014.[5] The entirety of this debt is equivalent to twenty-six (26) months of missed payments, or five thousand two hundred ($5,200) dollars in disability support. Serieux first demands ten thousand ($10,000.00) dollars in his Small Claims Complaint.[6]  Serieux later requests an additional payment of an unspecified amount that accounts for the singular value of his life.[7]

¶4      It is unclear what, if any, illness Serieux suffers from. It is also uncertain whether or not he believes the multiple heart attacks and strokes, that supposedly afflicted him, were due to the inactions of these medical service providers.[8]

¶5      Schneider Clinic purports to be unaware of these claims due to the lack of specificity in Serieux's filings and the amount of time that has elapsed since these asserted events.[9] STEEMCC, too, contests that due to the passage of time since the claim, it should be dismissed in accordance to the statute of limitations.[10]

¶6      On November 6, 2019, Serieux filed his response to the Motion to Dismiss filed by STEEMCC on October 20, 2019, before the case was transferred from the Small Claims Division to the Superior Court. The transfer was caused by Schneider Clinic's Motion to Transfer to Civil Court, which was granted pursuant to Title 3, § 114(A) and Title 4, § 112(d) of the Virgin Islands Code.

---

[5] Pl.'s Small Claims Compl. 2:12-19.
[6] Pl.'s Small Claims Compl. 1:19.
[7] Pl.'s Mot. titled "Charge 1 Throwing out a case falsely for no reason, when their suppose to call it & Refusing to call or put a Judge on the case" 2:2-5 – 3:1-2.
[8] Pl.'s Mot. Giving Definite Statement 6:14-17; 26:14-6.
[9] Def.'s Mem. in Support of Mot. for More Definite Statement 2:20-21; 3:8-11.
[10] Def.'s Renewed Mot. to Dismiss 1:5-12.

¶7     Serieux subsequently filed a Motion to Continue on December 12, 2019, and Schneider Clinic filed a Motion for More Definite Statement on December 16, 2019, which resulted in a letter to the Court from Serieux on December 23, 2019, asking for the Marshals to serve relevant documents on the Attorney General's Office. A Status Conference on January 28, 2020, conducted by the Honorable Kathleen Mackay, resulted in Serieux being ordered to respond to STEEMCC's Motion to Dismiss and Schneider Clinic's Motion for More Definite Statement.

¶8     Serieux responded to the Motion to Dismiss with an erroneously named Motion to Continue. He, likewise, responded to Schneider Clinic with a Motion Giving Definite Statement in compliance with the February 14, 2020 deadline. To accompany these motions, he filed six (6) additional pleadings on February 12, 2020, for a total of (8) documents which tangentially related to the case. Among these documents was a "Motion to Dismiss the Judge Off the Case." Serieux later filed a "Motion Stating Delaying of Case" on March 3, 2020.

¶9     STEEMCC responded with an additional Motion to Dismiss on June 18, 2020. Following this Serieux submitted a "Motion to Have Judge Mackay Removed" on July 13, 2020 and a similar motion entitled "Motion to Recuse" on the 24th of July. Honorable Kathleen Mackay responded with an Order of Recusal, removing herself from the case, on October 13, 2020.

¶10     STEEMCC filed a renewed Motion to Dismiss on May 12, 2021, to which this Court ordered a response no later than May 26, 2021. Serieux filed on May 26, 2021, an *In Forma Pauperis* request, to which he attached what might be interpreted as a response to the Renewed Motion to Dismiss. Serieux entitled his Motion, "Charge 1 Throwing out a case falsely for no reason, when their suppose to call it & Refusing to call or put a Judge on the case." The Court will accept this filing as being in compliance with the Court's Order of May 14, 2021.

*Serieux v. Schneider Clinic*
*2019-CV-00591*
*Memorandum Opinion and Order*
*Page 4*

## II.    LEGAL STANDARD

### A.    Statute of Limitations

¶11    The statute of limitations, where no contract is involved, is two years according to Title 5, § 31(5)(A) of the Virgin Islands Code.[11]  Section 31(5)(A) states: "Two years— An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated, or to set aside a sale of real property for non-payment of real property taxes pursuant to Title 33, chapter 89, subchapter III of this Code."[12]  Further, "if the allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim under [Virgin Islands] Rules of Civil Procedure, Rule 12(b)(6)."[13]

¶12    Under Title 27, § 166d of the Virgin Islands Code, a medical malpractice claim must also be made within two (2) years to be viable.[14]  Title 27, § 166d(a) of the Virgin Islands Code provides the statute of limitations for medical malpractice claims in the Virgin Islands and mandates that "no claim, whether in contract or tort, may be brought against a health care provider based upon professional services or health care rendered or which should have been rendered unless filed within two (2) years from the date of the alleged act, omission or neglect..."[15] However, before a case may be brought to the Superior Court for a medical malpractice claim, a plaintiff must file a proposed complaint with the Medical Malpractice Action Review Committee (the Committee).[16] The Committee must review the complaint and obtain an expert opinion as to whether malpractice

---

[11] *See* 5. V.I.C. § 31(5)(A).
[12] *Id.*
[13] *See Petersen v. Golden Orange Ctrs.*, No. SX-08-CV-202, 2014 V.I. LEXIS 76, at *4 (V.I. Super. Ct. 2014) (referring to the Federal Rule of Civil Procedure for failure to state a claim upon which relief can be granted which uses the same language as Rule 12(b)(6) of the Virgin Island Rules of Civil Procedure).
[14] Id.
[15] 27 V.I.C. § 166d(a).
[16] *See* 27 V.I.C. § 166i(b); *see also Labeet v. Acute Alternative Medical Group*, 72 V.I. 250, 254 (V.I. Super. Ct. 2019).

occurred.[17] The plaintiff may then file suit in court if the Committee does not receive an expert opinion within ninety (90) days of filing the proposed complaint.[18] Even if a complaint does not explicitly state claims as medical malpractice, contract or tort claims based on health care or professional services rendered or which should have been rendered on the plaintiff as a patient are subject to the requirements of the Medical Malpractice Act (MMA).[19] The failure to comply with the jurisdictional requirements of the MMA warrants dismissal.[20]

¶13     Additionally, the "Discovery Rule" is a recognized exception to both 5 V.I.C. § 31(5)(A) and 27 V.I.C. §166d. "Under the discovery rule, if the injury or its cause is not immediately evident to the plaintiff, the limitation period is tolled 'until the plaintiff knows, or reasonably should know: (1) that he or she has been injured; and (2) that the injury has been caused by another party's conduct.'"[21]

### B.     Obligations of a *Pro Se* litigant

¶14     Pleadings of *pro se* litigants in civil cases are usually to be construed liberally.[22] But, this does not mean *pro se* litigants need not follow court procedures and rules.[23] *Pro se* litigants are

---

[17] *See* 27 V.I.C. § 166i(b).
[18] *Id.*
[19] *See Labeet*, 72 V.I. at 253 (including plaintiff's claims of intentional and negligent infliction of emotional distress as medical malpractice complaints even though they were not expressly listed in the complaint as medical malpractice).
[20] *See Brady v. Cintron*, 55 V.I. 802, 815-816 (V.I. 2011) (dismissing a plaintiff's claims for failing to first file a proposed complaint with the Medical Malpractice Action Review Committee); *see also Raymond-Benjamin v. Assefa*, 72 V.I. 815, 824 (V.I. 2020) (following the Virgin Islands Supreme Court's *Brady* precedent which requires either that the plaintiff has complied with the requirements of the MMA or that the defendant is not covered by the MMA).
[21] *Warner v. Ross*, No. 660/1996, 1999 V.I. LEXIS 49, at *5-6 (V.I. Terr. Ct. June 15, 1999) (citing *Joseph v. Hess Oil*, 867 F.2d 179, 182 n.8 (3d. Cir. 1989 ).
[22] *See Banco Popular De P.R. v. Panzer*, No. ST-2015-CV-00056, 2021 VI SUPER 65U, at *26 (V.I. Super. Ct 2021); *see also Richardson v. Richardson*, 14 V.I. 292, 294 (V.I. Terr. Ct. 1978).
[23] See *Cornelius v. Bank of Nova Scotia*, 67 V.I. 806, 823 (V.I. 2017) (citing *Simpson v. Golden (Simpson I)*, 56 V.I. 272, 280 (V.I. 2010) (affording *pro se* litigants additional leniency but not excusing them from complying with relevant procedural and substantive rules).

still expected to comply with the rules of civil procedure, and a *pro se* litigant's apparent ignorance of the rules of the Court does not provide good cause to excuse failure to comply with those rules.[24]

¶15     Moreover, "*pro se* litigants are to be accorded substantial justice despite any defects in the pleading."[25] Courts "have traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure."[26] This includes full consideration of the content of incorrectly captioned motions.[27] However, the Court cannot make an exception for a *pro se* litigant's failure to follow the law.[28]

### III.    ANALYSIS

####     A. Serieux failed to comply with the Statute of Limitations and file in a timely manner.

¶16     Serieux filed his initial complaint for recovery of debt in Small Claims Court on October 4, 2019. He alleged the disability payments he could not claim due to the actions of the Defendants date between 2011 and 2014. This court cannot adjudicate this claim because it is barred by the statute of limitations outlined in 5 V.I.C. § 31(5)(A). This action for debt does not stem from any contractual obligation or breach thereof, but rather the implied duty of a physician that arises from non-binding principles of the profession. Even if Serieux had intended to allege additional malpractice claims related to his unspecified illness, rather than the disability debt he filed for, he would be unable to do so. This is due to the two (2) year

---

[24] *See id.*; *see also Sykes v. Blockbuster Video*, 205 Fed. Appx. 961, 963 (3d. Cir. 2006) (confirming the District Court's finding that a *pro se* plaintiff's ignorance of the rules would not provide good cause for failure to timely serve the defendants).

[25] *Creque v. Roebuck*, 16 V.I. 197, 208 (V.I. Terr. Ct. 1979) (citing *Richardson*, 14 V.I. at 294).

[26] *See Simon v. Warden of the Bureau of Corrections*, 69 V.I. 963, 967 (V.I. 2018) (citing *Simpson v. Golden*, 56 V.I. 272, 280 (V.I. 2012); *see also Appleton v. Harrigan*. V.I. 262, 267 (V.I. 2014); *see also Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d. Cir. 1993).

[27] *See Simon*, 69 V.I. at 967 (stating "While this Court has instructed the Superior Court to look beyond the caption of the filing when construing *pro se* pleadings, it has repeatedly cautioned that 'it is the substance [of the filing] that controls the legal standard that the Court should apply'") (quoting *Anthony v. FirstBank V.I.*, 58 V.I. 224, 228 n.5 (V.I. 2013).

[28] *See Cornelius*, 67 V.I. at 823 (providing that leniency towards *pro se* litigants is "not a license [excusing compliance] with relevant rules of procedural and substantive law") (quoting *Simpson I*, 56 V.I. at 280).

statute of limitations set by 27 V.I.C. § 166d, as well as the strict jurisdictional requirements to file medical malpractice claims with the Medical Malpractice Action Committee set by 27 V.I.C. § 166i(b). Even the Discovery Rule does not provide for tolling in Serieux's claims. This is because he has been aware of both clinics' actions, and the personal consequences thereof, since the alleged problems began in 2011.

¶17    Here, Serieux brought claims as a patient against a Schneider Clinic and STEEMC. Although he asserted an action for debt in Small Claims Court, the allegations in his complaint read as negligence on the part of a medical provider. The Court could also liberally construe Serieux's claims as a breach of contract between doctor and patient. As either a tort or breach of contract claim asserted by a patient against a health care provider, this is an action subject to the requirements of the MMA, which provides a two (2) year statute of limitations for patients asserting contract or tort claims against a health care provider. Serieux's allegations arise from actions that occurred between 2011 and 2014, which is well outside of the two-year statute of limitations provided by the MMA. Additionally, the jurisdictional requirements of the MMA require that Serieux was to first file a proposed complaint with the Medical Malpractice Action Review Committee. Lacking evidence that Serieux first filed with the MMA means that this Court lacks subject-matter jurisdiction and must dismiss his claims.[29]

### B. Serieux's *pro se* pleadings are to be afforded substantial justice despite certain defects.

¶18    STEEMCC suggests the case be dismissed because "courts have consistently held that *pro se* litigants are required to comply with the Rules of the Court as any other litigant."[30] This reasoning neglects to account for the "greater leeway" afforded to *pro se* individuals.[31] It is evident

---

[29] *See Labeet*, 72 V.I. at 254.
[30] Def.'s Mot. to Dismiss 1.
[31] *See Appleton*, 61 V.I. at 267.

*Serieux v. Schneider Clinic*
*2019-CV-00591*
*Memorandum Opinion and Order*
*Page 8*

that Serieux fails to comply to the rules governing the filing a civil claim including V.I. R. Civ. P. 10(b) and V.I. R. Civ. P. 8(a)(2), as is declared in Schneider's Motion for More Definite Statement. Yet, such "defects in the pleading" are not sufficient rationale for dismissal.[32] STEEMCC fails to acknowledge this precedent when they cited "lack of response" in their Renewed Motion to Dismiss. The Plaintiff did, in fact, attempt to the best of his ability to answer within the allotted timeframe. The motion he filed, "Charge 1 Throwing out a case falsely for no reason, when their suppose to call it & Refusing to call or put a Judge on the case," can be construed as a response,[33] which this Court has done. Therefore, this Court is not persuaded to dismiss for Plaintiff's error in captioning his response to the renewed motion to dismiss.

## IV. CONCLUSION

¶19 The Court finds, whether it considers Serieux's claims as a debt claim or a medical malpractice claim, this Court lacks jurisdiction due to Plaintiff's failure to timely file this in accordance with the applicable statute of limitations. The Court is persuaded, however, that Plaintiff was aware of this matter back in 2011 when he was unable to claim ten (10) disability payments. The Court finds that Plaintiff initiated an action for debt and or medical malpractice which under Virgin Islands law has a two (2) year statute of limitations period. Thus, Plaintiff had to initiate his claim by 2013, which he did not do, as he waited until 2019 to file this matter.

¶20 Accordingly, it is

**ORDERED** that Defendant's (STEEMCC's) Renewed Motion to Dismiss is hereby **GRANTED,** and it is further

---

[32] *See Creque*, 16 V.I. at 208.
[33] *See Simon*, 69 V.I. at 967.

*Serieux v. Schneider Clinic*
*2019-CV-00591*
*Memorandum Opinion and Order*
*Page 9*

**ORDERED** that the matter is dismissed with prejudice, and it is further

**ORDERED** that a copy of this Memorandum Opinion & Order shall be directed to counsel of record.

DATED: July 22nd, 2021

SIGRID M. TEJO
Judge of the Superior Court of the Virgin Islands

ATTEST:
TAMARA CHARLES
Clerk of the Court

By: _____
Donna D. Donovan
Court Clerk Supervisor