CARLYNN B. ANDERSON, Plaintiff

v.

DONALD MYERS, D.D.S., and HERBERT HUGHES, Defendants

## Civil No. 45/1978
## Territorial Court of the Virgin Islands
Div. of St. Thomas and St. John
## September 11, 1979

ROGER L. CAMPBELL, ESQ., St. Thomas, V.I., *for plaintiff*

ARNOLD M. SELKE, ESQ., St. Thomas, V.I., *for Myers*

HERBERT HUGHES, St. Thomas, V.I.

FEUERZEIG, *Judge*

### MEMORANDUM OPINION AND ORDER

Defendant Donald Myers is before the court requesting permission to file late responses to requests for admissions

pursuant to Rule 36 of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, R. 36, 5 V.I.C. App. IV, R. 7. Admittedly, defendant's request is tardy. Consequently, he seeks relief from that provision of Rule 36(a) that provides, "The matter is admitted unless, within 30 days after service of the request . . . or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter." Under Rule 36(b) "any matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission," and "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining the action."

Plaintiff filed her complaint in this action on January 30, 1978. Little was done on the case, however, until there was a substitution of counsel on June 13, 1978, and it was not until April 25, 1979, that plaintiff mailed her requests for admissions to the defendant Donald Myers.

The court on May 4 entered a notice of pretrial conference, and when the matter came on for a pretrial conference on June 26 the defendant still had not responded to the requests for admissions. As a result, the plaintiff asked the court to deem the requests to be admitted pursuant to Rule 36. Defendant, claiming no legitimate excuse for failing to respond to the requests, informally asked for an extension of time. No timely motion for an extension had been filed. The parties were advised at the pretrial conference to submit memoranda regarding the effect of the defendant Myers' failure to respond to the requests for admissions.

Subsequently, on July 5, 1979, counsel for Donald Myers filed a motion for enlargement of time to file answers to interrogatories and to respond to the requests for admissions. The motion was accompanied by a response to the requests for admissions and the answers to the interrogatories. The next day plaintiff filed her motion for leave to add Sapphire House Condominium Association as an additional party defendant. Consequently, on July 11 the court entered an order granting both parties time in which to file responses to the respective motions. On July 13 plaintiff filed a response to defendant Myers' motion, stating an extension of time to answer interrogatories "may be proper" but objecting to the motion as it related to the requests for admissions. On July 17 defendant Myers filed a response to the plaintiff's motion, stating he had no objection to adding the additional party defendant. Accordingly, an order was entered on July 24, 1979, permitting plaintiff to bring in Sapphire House Condominium Association as a party defendant, and granting the defendant leave to file answers to interrogatories out of time. The court reserved ruling on the Rule 36 motion until the parties submitted memoranda which have now been submitted.

While plaintiff cites ample authority for the proposition that failure to take any action within the time period prescribed by the rule results in an admission of the facts stated in the requests, see, e.g., Luick v. Graybar Electric Company, 473 F.2d 1360 (8th Cir. 1973), the court does not believe, in this instance, that the authority cited by the plaintiff is controlling or that the rule should be interpreted as requested by plaintiff.

■■ "The court has power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired. Thus the court can, in its discretion, permit what would be an otherwise untimely answer." 8 C. Wright and A. Miller, Federal Practice and

Procedure: Civil, ¶ 2257 at 719 (1970). Although some cases turn on whether the failure to provide a timely answer was the result of excusable neglect, the better authority appears to be that an admission that otherwise would result from a failure to make a timely answer "should be avoided when to do so would aid in the presentation of the merits of the action and would not prejudice the party who made the request." Id. at p. 720; see, e.g., Hadra v. Herman Blum Consulting Engineers, 74 F.R.D. 113 (N.D. Tex. 1977); United States v. Cannon, 363 F.Supp. 1045 (D. Del. 1973).

The court agrees with plaintiff that defendant Myers' conduct is dilatory and does not wish to countenance a litigant's sloth. Nevertheless, this court only recently granted the plaintiff the right to bring in an additional party defendant. As a result, the trial will have to be delayed until the case is at issue with this additional defendant and appropriate discovery is completed. In this regard the court also notes that its file contains no indication that the additional defendant has been served. In view of these circumstances, the court does not believe the plaintiff will be prejudiced by granting defendant's motion. Nor does the plaintiff in his memorandum in opposition to defendant Myers' motion provide the court with any basis for concluding that granting the defendant's motion will in any way result in prejudice to the plaintiff. Wherefore it is

ORDERED that the defendant's motion for leave to file his response to requests for admissions out of time be and hereby is granted and the response to requests for admissions shall be deemed filed as of the date of this order.