**DONALD A. WILLIAMS, Plaintiff**

v.

**BANK OF NOVA SCOTIA, Defendant**

Civil No. 79/256

District Court of the Virgin Islands

Div. of St. Croix

July 17, 1980

DONALD A. WILLIAMS, Frederiksted, St. Croix, V.I., *pro se*

GEOFFREY W. BARNARD, ESQ. (ISHERWOOD, ALKON, BARNARD & DIEHM), Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Sitting By Designation*

## MEMORANDUM OPINION WITH ORDER ATTACHED

█ This matter is before the court on motion of defendant to dismiss the complaint for failure to state a cause of action. Fed. R. Civ. P. 12(b)(6). Such a motion is untimely in that an answer has already been filed. The court will consider the motion as one for judgment on the pleadings. Fed. R. Civ. P. 12(c) and 12(h)(2).

██ Plaintiffs have filed this action pro se. In such cases the court must take special care to construe the pleadings broadly so as to do "substantial justice." Fed. R. Civ. P. 8(f). Giving the plaintiffs the benefit of every doubt, however, the court is unable to discern a colorable claim for relief. The gravamen of the complaint appears to be that defendant advertised for sale in execution of a lawful judgment certain real property then belonging to plaintiff. Having carefully reviewed the file in such previous judgment, and being fully advised of the proceedings therein, the court must conclude that plaintiffs have failed to state a claim for which relief can be granted.

Plaintiff Dina Williams' place in this litigation is unfathomable. She was neither a party to the litigation which resulted in the underlying judgment nor, from the record, an owner of the property advertised for sale by the Marshal. Neither does she seek any relief.

Plaintiff Donald Williams is no stranger to this Court. In the past he has filed numerous pro se actions, reaching new heights in

frivolity and incoherence with each successive pleading. Although these actions have occasionally displayed flashes of unintentional humor, the court is no longer amused. "[T]here is a danger when the Court is bombarded by a plethora of pro se pleadings without legal guidance and without limitation. Administrative efficiency within the judicial system of our over-crowded courts is such a real concern that the very existence of justice depends on it. Meritorious claims will be lost in the short deck shuffle with frivolous ones." Martinez-McBean v. Government, 1976 St. Croix Supp. 22. Moreover, the embarrassment, inconvenience and expense faced by parties in defending against such misguided litigation cannot be. tolerated. The judicial system is simply not equipped to accommodate persons who can think of no better way of resolving their differences with the remainder of humanity than to file frivolous lawsuits. Although the parties will bear their own costs in this action, Mr. Williams is hereby put on notice that initiation of such meritless litigation in the future will result in the taxing of costs against him in an amount commensurate with the trouble and inconvenience caused.

## ORDER

In accordance with the memorandum opinion of even date it is hereby

ORDERED THAT:

(1) Judgment be, and is hereby, ENTERED in favor of defendant and against plaintiffs; and

(2) The parties shall bear their own costs.