**DONALD A. WILLIAMS, Plaintiff**

v.

**THE BANK OF NOVA SCOTIA, Defendant**

Civil No. 81-241

District Court of the Virgin Islands

Div. of St. Croix

December 15, 1981

DONALD A. WILLIAMS, Frederiksted, St. Croix, V.I., *pro se*

SCOTT SILVERLIGHT, ESQ., Christiansted, St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

Donald A. Williams filed this action on his own behalf on October 2, 1981. The Bank of Nova Scotia filed a motion under Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the action for fail-

ure to state a proper cause of action. The plaintiff seeks relief in this action from what he contends was an unlawful sale of certain property at No. 1-B Hill Street, Frederiksted, St. Croix, Virgin Islands.

A brief background of the case is in order.

In 1976, the Bank brought its own action to foreclose a mortgage on the same property. Mr. Williams appeared in that action through counsel. (See Bank of Nova Scotia v. Donald A. Williams et al., D.C.V.I. St. Croix, Civ. No. 76-807.) On May 8, 1978, all parties in that action, by counsel, entered into a stipulation for judgment against Mr. Williams in the total amount of $27,864.69, and judgment was duly entered by the Court on May 9, 1978, in that amount, in accordance with the stipulation. The stipulation, and subsequent judgment, also provided for a six-month equity of redemption period if the property was sold, during which Mr. Williams could redeem by payment of the debt. The property was in fact sold on July 13, 1979, after advertisement in the St. Croix Avis once a week for four consecutive weeks. The sale was confirmed on August 21, 1979, by the same Court which entered the original judgment. There were no objections to the sale or confirmation filed by Mr. Williams.

The property has now passed into the ownership of another person who is not a party to the action herein.

Mr. Williams is now claiming that the bank unlawfully sold the property. Essentially, by this action, he enters his objection to the sale which took place on July 13, 1979, and which was confirmed by the Court on August 21, 1979.

The Court views this case procedurally as coming under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Certainly it cannot qualify under Rule 60(b)(1), (2) or (3), since motions under those clauses must be brought within one year of judgment. Mr. Williams does not claim that the judgment or confirmation of sale was void, thereby bringing it under Rule 60(b)(4), and the provisions of Rule 60(b)(5) are not applicable.

The action under Rule 60(b)(6) can be brought as an independent action, as was done in this instance, and whether by motion or independent action, it must be done within a reasonable time. In any event, a motion may be treated as an independent action or vice versa as appropriate. Bankers Mortgage Co. v. United States, 423 F.2d 73 (5th Cir. 1970) cert. den. 399 U.S. 927.

The paramount question, if Mr. Williams is to be permitted to proceed is: was the motion, or independent action, as the case may be, brought within a reasonable time. The sale date is July 13, 1979,

the confirmation of sale was entered August 21, 1979, and this action was filed on October 2, 1981. The question of the reasonableness of the time within which Mr. Williams chose to act can be answered only if we know when Mr. Williams became aware of the sale. He has provided us with that answer. On December 4, 1979, as the Bank points out, Mr. Williams filed yet a third action, together with Dina Williams, against the Bank. Captioned Donald A. Williams and Dina Williams v. Bank of Nova Scotia, 17 V.I. 546 (D.C.V.I. 1980), Mr. Williams asserts in Paragraph 2 of that complaint that he saw a notice in the St. Croix Avis of July 2, 1979, advertising property for sale. The notice of sale to which he referred was attached to the complaint, and among the properties offered for sale in that notice was No. 1-B Hill Street, the very property, the sale of which is the subject of the action herein. This constitutes an admission by Mr. Williams that he was aware of the sale as early as July 2, 1979.

For Mr. Williams to delay approximately two years and three months to seek any relief is, to the Court, unreasonable. See Goldfine v. United States, 326 F.2d 456 (1st Cir. 1964). The broad power granted under Rule 60(b)(6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made, and a party remains under a duty to take legal steps to protect his own interests, 11 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 2864, p. 214.

As the Supreme Court said in Ackermann v. United States, 340 U.S. 193, 198:

> There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.

See also John E. Smith's Sons Co. v. Lattimer Foundry & Machine Co., 19 F.R.D. 379, 384 (D.C. Pa. 1956) aff., 239 F.2d 815 (3d Cir. 1957).

Considering the complaint in this independent action a motion under Rule 60(b)(6), and the motion by the Bank as a documented response to Mr. Williams' assertions, the Court finds that Mr. Williams delayed an unreasonable time in seeking relief and an order will be entered dismissing his complaint with prejudice.

## ORDER

IN ACCORDANCE with the Memorandum Opinion of even date herewith, it is hereby

ORDERED:

That the plaintiff's complaint be, and the same is hereby, DIS-MISSED, with prejudice.