## COMMUNITY REALTY MANAGEMENT, INC. d/b/a LORRAINE VILLAGE, Plaintiff

## v.

## PATRICIA BLACKMAN, Defendant

Civil No. 579/1984

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

October 11, 1984

KENNETH R. LINDQUIST, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

PATRICIA BLACKMAN, Frederiksted, St. Croix, V.I., *pro se*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

Plaintiff, Community Realty Management, Inc., moves this Court for entry of Summary Judgment on the basis of defendant Patricia Blackman's failure to answer plaintiff's Request for Admissions. For the reasons set forth below, plaintiff's motion is denied.

## FACTS

On August 7, 1984, plaintiff served defendant, by mail, with its first Request For Admissions. As of this date, defendant has failed to respond to plaintiff's request. Plaintiff now moves for summary judgment on the grounds that defendant's failure to respond within the period prescribed by Rule 36 F.R.C.P. rendered those facts admitted. As a consequence, there remain no issues of material facts thereby warranting summary judgment in favor of plaintiff.

## DISCUSSION

Plaintiff is correct in its assertion that generally, under Rule 36, F.R.C.P. matters are deemed admitted if there is no response to a request for admissions. However, Rule 36 provides further that "the matter is admitted unless within thirty (30) days after service of the request, or within such shorter or longer time as the court may allow . . . ." Id. Hence, the Court has power to allow additional time for a response to a request for admissions even after the time for response fixed by the rule has expired. Anderson v. Myers, 16 V.I. 520 (Terr. Ct. 1979). Thus, the Court has discretion to permit an otherwise untimely answer. Id. at 522.

In cases involving pro se litigants, the Court must take special care to construe the pleadings so as to do "substantial justice." Williams v. Bank of Nova Scotia, 17 V.I. 546, 547 (D.C.V.I. 1980). F.R.C.P. 8(f). Moreover, an admission that otherwise would result from a failure to make a timely answer should be avoided when to do so would aid in the presentation of the merits of the action and would not prejudice the party who made the request. 8 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2257 at 720 (Civil 1970). In this instance, defendant has proceeded pro se since the inception of this cause of action. While she has failed to respond to plaintiff's request for admissions, she has filed an

answer to plaintiff's complaint. Furthermore, there is no evidence before the Court that plaintiff would be prejudiced if defendant is allowed additional time within which to respond to plaintiff's request.

Accordingly, the Court will exercise its discretion as provided under the rules and will order defendant to respond to plaintiff's request within the time set forth in the order accompanying this memorandum. Should defendant fail to comply with said order, the Court will deem the facts stated in the request admitted and will proceed accordingly.

For the foregoing reasons, plaintiff's Motion for Summary Judgment is DENIED.

### ORDER

For the reasons set forth in the Memorandum Opinion filed on even date herewith, it is

ORDERED that defendant respond to plaintiff's Request for Admissions no later than *November 1, 1984,* and it is further

ORDERED that plaintiff's Motion for Summary Judgment be, and the same hereby is DENIED.