Muriel LUTWIN, Plaintiff,

v.

The CITY OF NEW YORK, Community Board No. 9, Peter Estrada, John McEliot, Juliet Rodriguez and Josephine Torres, Defendants.

No. 83 Civ. 3271 (PKL).

United States District Court,
S.D. New York.

June 26, 1985.

Muriel Lutwin, pro se.

Denise L. Thomas, Asst. Corp. Counsel, City of New York, New York City, for defendants.

### MEMORANDUM & ORDER

LEISURE, District Judge:

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff *pro se* seeks compensatory and punitive damages for injuries allegedly suffered from her termination from the position of District Manager of Community Board Number 9 in New York City. Before me is a motion to set aside a default judgment. The summons and complaint were filed on April 28, 1983. Defendants were served on or before May 16, 1983. On June 14, 1983 plaintiff requested that the Court enter a default judgment because no answer had been served or filed. On October 5, 1984 this action was transferred to me for all purposes. On November 16, 1984 I held a status conference that was attended by plaintiff and an attorney from the Office of the Corporation Counsel of the City of New York. The attorney, Denise L. Thomas, Esq., stated that the summons and complaint that were served on the City had been forwarded erroneously with papers for a prior state proceeding commenced by plaintiff that had been terminated. Based upon this explanation and the length of time that had passed without plaintiff pressing her claim, I denied the request to enter a default judgment.

At the conference I directed defendants to file an answer on or before November 30, 1984. Counsel also stated that they would serve and file a motion for summary judgment on or before December 28, 1984. An answer was filed with the Court on December 26, 1984. Previously, however, on December 13, 1984, a default judgment had been entered since the answer had not been served and filed by November 30, 1984. The action was thereupon referred to a magistrate to determine the amount of damages.

On February 28, 1985, defendants moved to vacate the default on the grounds of excusable neglect and the existence of meritorious defenses to plaintiff's claims. Ms. Thomas, by affidavit sworn to February 28, 1985, stated that she inadvertently noted the two deadlines for December 28, 1985. In support of her contention that the late filing was inadvertent, she notes that the answer was filed before this deadline. In addition, she stated that there are meritorious defenses to the action, namely that plaintiff's claims have been litigated in a state proceeding pursuant to Article 78 of the N.Y.C.P.L.R., that the claims are barred by the statute of limitations and that the personal jurisdiction is lacking over defendants Estrada, Rodriguez and Torres.

Plaintiff opposes the motion on the grounds that there is no meritorious defense to her action and the default was the result of inexcusable neglect. She argues that Ms. Thomas' claims that the press of trial commitments prevented her from discovering her error is unreasonable due to the availability of other attorneys in the

Corporation Counsel's office who could have assisted her in this action, just as Ms. Thomas was assisting other attorneys at trial. Plaintiff alleges that she should not be made to suffer due to the repeated clerical errors committed by the City and its counsel.

■ Rule 55(c) permits the court to set aside a default judgment "for good cause shown." This standard is less rigorous than those set forth by Rule 60(b). *See Meehan v. Snow,* 652 F.2d 274, 276–77 (2d Cir.1981). A motion to vacate a judgment is addressed to the discretion of the trial court, *International Controls Corp. v. Vesco,* 556 F.2d 665, 670 (2d Cir.1977), *cert. denied,* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978), but the strong policies favoring the resolution of disputes on their merits limit the judge's discretion to enter a default judgment or to deny a motion to set one aside. *See In re Martin-Trigona,* 763 F.2d 503 (2d Cir.1985).

> Whether good cause is deemed to have been shown depends on three considerations: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." The decision is committed to the discretion of the district court, but "[a]n abuse of discretion need not be glaring to justify reversal." The narrow scope of the district court's discretion stems from "strong policies favoring the resolution of genuine disputes on the merits," and for the same reasons, "doubts are to be resolved in favor of a trial on the merits."

*Traguth v. Zuck,* 710 F.2d 90, 94 (2d Cir. 1983) (citations omitted).

■ It is true that defendants did nothing in this case until I scheduled a status conference in the matter and then they failed to obey a scheduling order. Fed.R.Civ.P. 16. Plaintiff's argument that the excuses presented betray an appearance of unprofessionalism on the part of the Corporation Counsel's office does have some merit. Undoubtedly, plaintiff has been frustrated by the delays in this case, but the 26-day delay in the filing of the answer after a deadline had been imposed has not substantially prejudiced plaintiff's case. *See Securities and Exchange Commission v. Vogel,* 49 F.R.D. 297 (S.D.N.Y. 1969). Ms. Thomas' explanation indicates that the failure to adhere to the deadline was due to inadvertance and mistake and that the subsequent default was not willful. Where the attorneys and not the defendants are responsible for the mistakes leading to default, relief from a default judgment is especially appropriate. *Cf. Insurance Co. of North America v. S/S "Hellenic Challenger",* 88 F.R.D. 545, 548 (S.D.N.Y.1980). The absence of a willful default and the existence of meritorious defenses require me to grant the motion and vacate the default judgment.[1]

■ Since defendants failed to obey a scheduling order, I hereby assess, pursuant to Fed.R.Civ.P. 16(f), sanctions against defendants in the amount of $250, which shall be paid to plaintiff on or before July 31, 1985.[2] By August 7, 1985, defendants' counsel shall advise the Court by affidavit as to whether defendants have complied with this Order in this regard.

Defendants shall serve and file their motion to dismiss on or before July 31, 1985. Plaintiff shall serve and file her response

---

**1.** Defendants have argued that they did not receive a copy of plaintiff's proposed default order. The failure to serve defendants with written notice of the application for judgment may have violated Rule 55(b). Ms. Thomas' attendance at the conference on behalf of the defendants and defendants' plan to serve an answer and file a motion indicated an intent to defend the suit. Such actions could be considered an appearance in the action that would entitle them to notice under Rule 55(b) that plaintiff was going to seek a default judgment. *See e.g.,*

*Lutomski v. Panther Valley Coin Exchange,* 653 F.2d 270 (6th Cir.1981); *Press v. Forest Laboratories, Inc.,* 45 F.R.D. 354 (S.D.N.Y.1968). *See generally* 10 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure: Civil 2d* § 2686 (1983).

**2.** The court may impose sanctions on its own motion. *See,* Advisory Committee Note to 1983 Amendment to Rule 16, reprinted at 97 F.R.D. 165, 213.

on or before August 30, 1985. Defendants' reply, if any, shall be served and filed by September 13, 1985.

SO ORDERED.