**DELIVER IT, INC., Plaintiff**

**v.**

**RONALD T. MITCHELL, Defendant**

S.C. No. 1293/1992

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

November 13, 1992

CHRISTIAN, *JUDGE*

## MEMORANDUM OPINION AND ORDER

This matter is now before the Court on Motion for Reconsideration and New Trial predicated on two grounds: the Motion is

timely filed and the Court lacked subject matter jurisdiction. The Motion will be denied in both respects.

This case was filed in the Small Claims Division of the Court by Plaintiff on August 10, 1992, claiming Defendant was indebted to Plaintiff in the sum of $4,980.00. The jurisdiction of the Small Claims Division is limited to trial of cases in which the claim does not exceed $5,000.00. 4 V.I.C., Section 112(a) Cumulative Pocket Supplement (1992).

Neither party may be represented by counsel, and parties shall in all cases appear in person except for corporate parties, associations and partnerships, which may appear by a personal representative. Id. at 112(d).

Without moving to transfer the action to the Civil Division of the Court, notwithstanding Subsection 112(d), Defendant appeared by Attorney Stafford Hilaire on October 2, 1992, and filed a Motion for Continuance of the trial date from October 2, 1992. This Motion was not granted.

On October 2, 1992, the case came on for hearing. The Plaintiff appeared by its representative, Ken Husky. The Defendant did not appear, answer, or otherwise move, and was adjudged in default.

Judgment by default was entered against Defendant in the amount sued for, $4,950.00, and costs. Judgment was entered on October 8, 1992.

On October 23, 1992, Attorney Hilaire, without transfer of the case to the Civil Division of the Court, and notwithstanding Section 112(d), filed aforesaid Motion for Reconsideration and a New Trial on the grounds that it is filed on time pursuant to FRCP 59 and the Court lacked subject matter jurisdiction, citing Sea Air Shuttle Corp. vs. V.I. Port Authority, 26 V.I. 64 (Terr. Ct. 1991), and Puerto Rican-American Insurance Co. v. Francis, 17 V.I. 87 (Terr. Ct. 1980).

## I. MOTION NOT TIMELY FILED

■ While FRCP 59 allows a period of ten days to file a Motion for a new trial or amendment to Judgments, which includes Motions for Reconsideration, this general rule is superseded by the special rule applicable in this instance, 5 V.I.C., App. IV, Rule 65, which states in pertinent part: "Judgment shall be entered at the time of the entry of the finding of the judge, provided however, that upon a satisfactory showing that a substantial question of law or fact, or both law and fact, is involved, the trial judge may in his

discretion grant <u>not more than two days within which to file a motion for a new trial, and such motion for a new trial shall be submitted not later than five days from the date of the finding</u>". Nickerson v. Mecklam, 169 Or. 270, 126 P.d2 1095. [Underscoring ours].[1] The Motion was filed after the expiration of two days following the finding, and no leave of Court was obtained to file same.

## II. LACK OF SUBJECT MATTER JURISDICTION

■ The second ground mentioned in the Motion is that the limit of the amount in controversy which may be properly adjudicated in the Small Claims Division of the Court is $5,000.00, and that limit is jurisdictional. We are perplexed as to why Defendant made that argument as both the amount of Plaintiff's claim and the amount of the Judgment granted Plaintiff is less than $5,000.00, i.e., $4,950.00.

Sea Air Shuttle Corp. and Puerto Rican-American Insurance Co., cited by Defendant in support of his contention, are both completely inapposite. In both of these cases, both in the Civil Division of the Court, the issue was whether the Virgin Islands Declaratory Judgments Act, 5 V.I.C., Sections 1261–1272, extended the jurisdiction of the Territorial Court beyond the $50,000.00 limit which existed at the time these causes of action arose, the Court in both cases holding it did not, that actions under the Act required an independent jurisdictional basis, to wit, 4 V.I.C., Section 76(a).

## III. OTHER NOTEWORTHY OBSERVATIONS

■■ 1. There was never a trial in this case, only a default hearing, so there can be no new trial. A trial is a judicial examination, in accordance with the law of the land, of a cause, either civil or criminal, of the issues between the parties, whether of law or fact, before a Court that has jurisdiction over it. Black's Law Dictionary Revised Fourth Edition (1968). (Citations omitted). While the Defendant, through Attorney Hilaire, did file an Answer on October 2, 1992, the very day scheduled for the trial, it was illegally filed, and in fact never reached the Court until after the case was heard and the Default Judgment granted.

---

[1] This is a clear indication that it was the intent of the rule maker that small claims should be handled expeditiously and inexpensively.

■ 2. As indicated supra, no parties other than corporations, etc., may appear by counsel in the Small Claims Division of the Court.

■■ 3. A Default Judgment having been entered, the proper motion is one to set aside the default. Such a motion will usually be granted if (a) the non-defaulting party will not be prejudiced by the reopening; (b) the default was not the result of inexcusable neglect or wilful act; and (c) the defaulting party has a meritorious defense. Bonhomme, Plaintiff/Appellee v. Terry Frederick Associates and Phillip Etienne, Defendants/Appellants. District Court Appellate Division, No. 209/1989 (Decided July 11, 1990).

### ORDER

For the foregoing reasons, neither ground for the Motion having been established to the satisfaction of the Court, the Motion is hereby denied.