**ALBERT THOMAS, Plaintiff**
**v.**
**ST. CROIX MARINE and**
**LAURENCE ANGUS (Owner), Defendants**

T.C. Small Claims No. 620/94

Territorial Court of the Virgin Islands

Division of St. Croix

May 13, 1995

ALBERT THOMAS, *Pro Se*, St. Croix, V.I.

BRUCE P. BENNET, St. Croix, V.I., *for Defendant, St. Croix Marine*

LAURENCE ANGUS, *Pro Se*, St. Croix, V.I.

### MEMORANDUM OPINION and ORDER

### Introduction

This Court is called upon to decide whether corporations may be represented by counsel in the Small Claims Division of the Territorial Court. Defendant St. Croix Marine (SCM) asserts that, pursuant to 4 V.I.C. 112(d) and *Deliver It, Inc. v. Mitchell*, 28 V.I. 25, 29 (Terr. Ct. STT. & STJ 1992), corporations may be represented by counsel in the Small Claims Division. For the reasons mentioned below, this Court concludes that corporations may not be represented by counsel in the Small Claims Division and may be represented there only by a non lawyer personal representative.

## Procedural Background

Plaintiff filed this action *pro se*, on July 13, 1994, in the Small Claims Division for debt and damages. The dispute involves a boat engine which Plaintiff purchased from Defendants and subsequently returned for repair. Plaintiff alleges that there is a defect in the engine. On January 18, 1995, SCM, through counsel, filed an answer and a motion to transfer the matter to the Civil Division. At trial on April 5, 1995, Plaintiff appeared *pro se* and SCM through counsel, Bruce P. Bennett. This Court *sua sponte* challenged the propriety of Attorney Bennet's representation of SMC. Nevertheless, he was permitted to tentatively argue the motion to transfer pending this Court's determination of his authority to proceed. Plaintiff opposed the motion and the matter was taken under advisement.

## Analysis

The statute upon which SMC relies provides:

> (d) Neither party may be represented by counsel and parties shall in all cases appear in person except for corporate parties, associations and partnerships which may appear by a personal representative.

4 V.I.C. 112(d). A simple reading of this unambiguous statute reveals three points: 1) no party may be represented by counsel in the Small Claims Division; 2) all parties, except corporations, associations, and partnerships, must appear in person; and 3) corporations, associations, and partnerships may appear by a personal representative. Nothing in the statute even begins to suggest that corporations may be represented by counsel. Therefore, SMC's reliance on Section 112(d) is misplaced.

SMC also cites an opinion of this Court in support of its position that corporations may be represented by counsel. The Court stated that "no parties other than corporations, etc., may appear by counsel in the Small Claims Division of the Court". *Deliver It, Inc. v. Mitchell*, 28 V.I. 25, 29 (Terr. Ct. STT. & STJ. 1992). The language in *Mitchell* mentioned above was not the holding of the case and in fact was dicta listed under the heading "Other Noteworthy Obser-

vations". *Mitchell*, 28 V.I. at 28. Nevertheless, to the extent that *Mitchell* suggests that corporations may be represented by counsel, this Court respectfully disagrees with it. The statute clearly "prohibits litigants from being represented by counsel. Associations, partnerships and corporations may appear by a 'personal representative'". *Virgin Islands Yacht Harbor, Inc. v. Restaurant Management, Inc.*, Memo Opinion, Pg. 2, No. 1992/78 (V.I.D.C. App. Div. 2/24/93). Further, the District Court has upheld the Small Claims Statute against a challenge that it denies litigants the right to counsel. *Carr v. Pena*, 432 F.Supp. 828, 833 (D.C.V.I. App. Div. 1977).[1]

Since SMC has no right to be represented by counsel, it was inappropriate for counsel to file any document on behalf of SMC. The purpose behind the enactment of the Small Claims Statute was to permit individuals with small claims access to the courts in a simple inexpensive manner and without the need to retain counsel. 4 V.I.C. 111; *Schroeder v. Hackett*, 13 V.I. 242, 248 (Terr. Ct. STX. 1977). This purpose would be thwarted if litigants were permitted to be represented by counsel even if only to file, and/or argue, motions for transfer. Unrepresented parties would have to argue their oppositions to transfer without the benefit of counsel and should not have to retain counsel simply to oppose such motions. In short, counsels are not permitted to represent litigants at all in Small Claims Court. Therefore, all documents filed by counsel on behalf of SMC, ie., its answer, motion to transfer, and proposed order, are null and void. Such documents should be filed and argued by a personal representative.

## Conclusion

■ For the foregoing reasons, this Court concludes that corporations may not be represented by counsel in the Small Claims Division, and may be represented there only by a non lawyer personal representative. Accordingly, the motion for transfer will

---

[1] SMC has not here challenged the constitutionality of the Small Claims Statute. The sole argument is that it is legally entitled to be represented by counsel in Small Claims Court. Thus, entitlement to counsel is the only issue addressed in this opinion.

be stricken from the file in this matter as it was inappropriately filed by counsel and thus constitutes a nullity.[2]

## ORDER

In accordance with the above opinion, it is hereby

ORDERED that St. Croix Marine's purported Answer, Motion for Transfer, and Proposed Order are hereby STRICKEN from the file in this matter.

---

[2] This Court in any event would have denied the motion on the grounds argued by counsel at the hearing on April 5, 1995. Counsel argued that a transfer was necessary because: 1) discovery needs to be conducted in the nature of depositions, interrogatories, and production requests; 2) such procedures are more suited for the Civil Division. Counsel, however, presented nothing to the Court which suggested that the information alleged to be necessary could not be obtained through direct or cross examination of witnesses at the trial in the Small Claims Division. His quest to conduct discovery is precisely the type of unnecessary complication sought to be avoided by the Small Claims Statute.

Here, the plaintiff opposed the motion for transfer, stated that he had already been represented by lawyers but cannot now afford one, and was advised by lawyers to go to Small Claims Court. Clearly SMC can afford a lawyer as counsel has appeared on its behalf. The financial disparities between the parties thus weighs in favor of denying the motion for transfer. Further, this Court finds no justifiable basis for a transfer, and concludes that the motion in this case serves only to complicate an otherwise simple matter. Accordingly, the case should remain in the Small Claims Division.