**TILFORD LETTSOME, Plaintiff**

**v.**

**VI SEA TRANS d/b/a ST. CROIX FAST FERRY, VIRGIN ISLANDS
PORT AUTHORITY, BILL JOHN-BAPTISTE, and DESHAUN SMITH,**
**Defendants**

Case No. ST-09-CV-11

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

August 7, 2009

PEDRO K. WILLIAMS, ESQ., *Counsel for Plaintiff.*

MARJORIE E. SMITH, *Pro se, for Defendant, VI Sea Trans.*

DOUGLAS L. CAPDEVILLE, ESQ., *Counsel for Defendant VI Port Authority.*

Deshaun Smith, *Pro se.*

DUNSTON, *Judge*

## MEMORANDUM OPINION

(August 7, 2009)

This matter comes before the Court on Plaintiff's May 20, 2009, Renewed and Revised Motion for Entry of Default seeking entry of default against Defendant VI Sea Trans d/b/a St. Croix Fast Ferry ("Sea Trans"), for its alleged failure "to properly and legally plead or otherwise defend in response to the complaint." Defendant Sea Trans has not responded to Plaintiff's Motion.

The record reflects that the Complaint was filed on January 12, 2009, and that on February 27, 2009, the Court received an "Answer to Complaint" (the "Answer") purporting to be submitted on behalf of "Defendant VI SEA TRANS, PRO SE" and signed by "Marjorie E. Smith, PRO SE For Defendant, V.I. Sea Trans" ("Smith"). Nowhere in the Answer does Smith indicate that she is an attorney admitted to practice in this jurisdiction, nor does she reveal in what capacity she purports to act on behalf the Sea Trans.

Plaintiff asserts that, "A corporation must be represented by legal counsel, not by a Pro Se litigant." Impliedly, Plaintiff argues that that because Smith is not an attorney her filing of a *pro se* Answer is ineffective and, consequently, Sea Trans has not "properly and legally plead or otherwise defend[ed]" this action.

111

■ Generally, corporations who are parties in civil litigation must be represented by attorneys. In *Simbraw, Inc., v. United States*, 367 F.2d 373 (3rd Cir. 1966), the court held that a corporation seeking to litigate its rights in a court of law could not represent itself through its president but was required to employ an attorney to appear on its behalf. In so ruling, the Third Circuit relied primarily on its interpretation of *Osborn v. President, etc., United States Bank*, 22 U.S. 738, 6 L. Ed. 204 (1824) but also mentioned that in *Flora Construction Co. v. Fireman's Fund Insurance Co.*, 307 F.2d 413, 414 (10th Cir. 1962), the court had declared, "The rule is well established that a corporation can appear in a court of record only by an attorney at law." *Simbraw* also cites *MacNeil v. Hearst Corporation*, 160 F. Supp. 157 (D.Del. 1958), in which the court opined, "The authorities in the Federal Courts which have determined the question are uniform in holding that a corporation can do no act except through its agents and that such agents representing the corporation in Court must be attorneys at law who have been admitted to practice, are officers of the Court and subject to its control." Thus, that issue appears to be settled, at least in the federal courts.

■ One the other hand, it is worth noting that in the Small Claims Division of this Court corporations must appear through a representative who is *not* an attorney. See 4 V.I.C. 112(d) ("Neither party may be represented by counsel and the parties shall in all cases appear in person except for corporate parties, associations, and partnerships, which may appear by a personal representative.") Surprisingly, a judge of this Court once interpreted that statute to mean that, "[N]o parties other than corporations, etc., may appear by counsel in the Small Claims Division of the Court." *Deliver It, Inc., v. Mitchell*, 28 V.I. 25 (T.Ct. 1992). That view was soundly rejected, however, in a subsequent decision of the Small Claims Division, *Thomas v. St. Croix*, 41 V.I. 3 (T.Ct. 1995):

> A simple reading of this unambiguous statute [4 V.I.C. 112(d)] reveals three points: (1) no party may be represented by counsel in the Small Claims Division . . . Nothing in the statute even remotely begins to suggest that corporations may be represented by counsel. . .

> SMC also cites an opinion of this Court [*Mitchell*] in support of its position that corporations may be represented by counsel. . . The language in *Mitchell* mentioned above was not the holding of the case and

in fact was dicta listed under the heading "Other Noteworthy Observations". *Mitchell*, 28 V.I. at 28.

Nevertheless, to the extent that *Mitchell* suggests that corporations may be represented by counsel, this Court respectfully disagrees with it. The statute clearly "prohibits litigants from being represented by counsel. Associations, partnerships and corporation may appear by a 'personal representative'." *Virgin Islands Yacht Harbor, Inc., v. Restaurant Management, Inc.*, Memo Opinion, Pg. 2, No. 1992/78 (V.I.D.C. App. Div. 2/24/93). Further, the District Court has upheld the Small Claims Statute against a challenge that it denies litigants the right to counsel. *Carr v. Pena*, 432 F. Supp. 828, 833 (D.C.V.I. App. Div. 1977).

■ The Court went on to explain the reasoning behind this special provision:

> The purpose behind the enactment of the Small Claims Statute was to permit individuals with small claims access to the courts in a simple inexpensive manner and without the need to retain counsel. 4 V.I.C. 111; *Schroeder v. Hackett*, 13 V.I. 242, 248 (Terr. Ct. STX. 1977). This purpose would be thwarted if litigants were permitted to be represented by counsel even if only to file, and/or argue, motions for transfer. Unrepresented parties would have to argue their oppositions to transfer without the benefit of counsel and should not have to retain counsel simply to oppose such motions. In short, counsels [sic] are not permitted to represent litigants at all in Small Claims Court.

The purpose of the provision barring attorneys from appearing in small claims was also persuasively expressed by Senior Sitting Judge Almeric L. Christian in *Loeckler, et al., v. Arevalo*, et al., Case No. ST-92-SC-25, Memorandum and Order (T.Ct. Feb. ___, 1992).

The District Court of the Virgin Islands is in accord. See *Ryan's Restaurant, Inc. v. Lewis*, 35 V.I. 187, 949 F. Supp. 380, n.4 (D.V.I. 1996):

> We also observe that appellant's motion was filed in the Small Claims Division by counsel. "Neither party may be represented by counsel and parties shall in all cases appear in person except for corporate parties, associations, and partnerships which may appear by a personal representative." [sic] V.I. CODE ANN. tit 4, § 112(d). . .

113

We reject any contrary interpretation of *Carr v. Pena*, 432 F. Supp. 828 (D.V.I. 1977) and *Deliver It v. Mitchell* because this interpretation allows quick and inexpensive resolution without interfering with any constitutional rights; *legal counsel may be utilized should the case be transferred to the regular Civil Division* or appealed. (emphasis added)

■ Significantly for purposes of this case, in performing this analysis *Ryan's* also indicated in passing that corporations must be represented by attorneys in the Civil Division of this Court:

We do not interpret section 112 to mean that corporate parties may be represented by counsel in the Small Claims Division. However, *the usual rule that a corporation may not appear pro se* may be relaxed in accordance with the purpose of Rule 64 to allow a corporation to be represented in the Small Claims Division by an officer or shareholder, even if that officer or shareholder is an attorney. *Id.* (emphasis added)

■ Consequently, this Court interprets *Ryan's* to stand for the proposition that the "general rule", as stated in *Simbraw* and *MacNeil*, that corporations who are parties in civil litigation must be represented by attorneys applies to suits in the Superior Court other than those falling within the jurisdiction of the Small Claims Division.

The Court's inquiry does not end there, however, for we must next determine the effect of the "Answer to Complaint" filed by Smith on behalf of Sea Trans. In *Thomas* the Court stated that the documents filed by counsel in that small claims case were "null and void". And, in *Mitchell*, the Court described the answer the attorney submitted on behalf of the corporation in the Small Claims Division as "illegally filed".

Plaintiff urges that the Court adopt the view that Defendant's pleading is a nullity and that the entry of default against Sea Trans is appropriate because it has not responded to the Complaint. While the Court agrees with the former conclusion, it disagrees with the latter.

Under Rule 47 of the Rules of the Superior Court, "When a party against whom affirmative relief is sought has failed to appear, plead or otherwise defend as provided by law or these rules, or has failed to appear at the time fixed for trial, the clerk shall enter his default." Similarly, Rule 55 of the Federal Rules of Civil Procedure permits the entry of default when the party, "has failed to plead or otherwise defend, and that failure is shown by affidavit of otherwise. . ."

114

■ As the term is generally used, a defendant "appears" in an action by making a written submission to the court. *Lutwin v. City of New York*, 106 F.R.D. 502, 504, n.1 (S.D.N.Y. 1985), *affd.*, 795 F.2d 1004 (2nd Cir. 1986). But, given that defaults are generally disfavored, some courts have interpreted the term more broadly, holding that informal acts like letters or telephone calls can constitute an appearance. *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 936-37 (5th Cir. 1999) (appearance does not require the filing of responsive papers). There is a split in the Circuits between these two approaches. *New York v. Green*, 420 F.3d 99, 105 (2nd Cir. 2005) ("prevailing view" is that formal appearance is not required where party has "otherwise indicated . . . a clear purpose to defend the suit.").

■ In *Richardson v. Richardson*, 14 V.I. 292 (T.Ct. 1978), the plaintiff moved for a default on the grounds that the defendant, who had not filed a formal answer, had not appeared. However, the court held that a letter from the defendant acknowledging receipt of the summons, disputing the allegations of the complaint, and indicating his interest in contesting the case gave sufficient notice to the plaintiff of his intention to defend the action and constituted an "appearance" sufficient to justify denial on plaintiff's motion for default. In so ruling, the court reiterated that one of the basic philosophies underlying the Federal Rules of Civil Procedure is that a case should be decided on its merits and according to the dictates of justice. The court also indicated that, "when dealing with an answer drawn by a layman unskilled in the law", the court should look to the spirit of FED. R. CIV. P. 8(f), such that, "technical deficiencies in the answer will be treated leniently and the entire pleading will be scrutinized to determine if any legally cognizable claim can be found within it . . . A liberal construction of the pleadings is especially called for where they were prepared by a layman." [citing *DeWitt v. Pail*, 366 F.2d 682 (9th Cir. 1966)]. See also *Caesar, et al., v. Firstbank Puerto Rico*, 49 V.I. 1041 (D.V.I. App. 2008) (appearance by implication may arise, even in absence of filing of answer, where communications between parties or counsel disclose clear intention to defend); *Hutton v. Fisher*, 359 F.2d 913 915 (3rd Cir. 1966) [telephone call from defendant's counsel to plaintiff's counsel agreeing to extension of time was sufficient to constitute an appearance for purpose of F. R. CIV. P. 55(b)(2)]; *James v. Williams*, 26 V.I. 20, 22 (T.Ct. 1990) (telephone calls and informal letters between

parties or their representatives constitute an appearance only where they occur after the complaint has been filed).

■ Similar consideration has been afforded even to plaintiffs who were represented by attorneys. In *Edwards v. Groner*, 116 F.R.D. 578, 23 V.I. 265 (D.V.I. 1987), the wife of the plaintiffs' attorney, who worked in his office, signed and filed the complaint and served it and the summons on the defendants. The defendants moved to dismiss the complaint and quash service, claiming that the complaint was a nullity because it was not signed by an attorney in violation of F. R. Civ. P. 11. The Court denied the motions, indicating, "A bungled signature on a pleading is merely a technical defect and not a substantive violation of Rule 11 warranting the voiding of the complaint. . . [citations omitted] And technical defects are not grounds for dismissal." [citations omitted].

■ A rigid adherence to formalities and technicalities must give way to the policies underlying the Federal Rules. *Heyl & Patterson Intl., Inc. v F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419 (3rd Cir. 1981). "[T]he federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits". *Conley v. Gibson*, 355 U.S. 41, 48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). *See also Community Realty Management, Inc., v. Blackman*, 21 V.I. 195 (T.Ct. 1984) (court must take special care to construe the pleadings to do substantial justice in cases involving *pro se* litigants); *Creque v. Roebuck*, 16 V.I. 197 (T.Ct. 1979) (*pro se* litigants should be afforded substantial justice despite defects in pleadings).

■ The Court views the *pro se* defendant's failure to have an attorney submit an answer on its behalf in a similar vein. Although the Answer to Complaint filed by Smith was not acceptable under the Rules of this Court, it purported to deny the bulk of the allegations of the Complaint and to raise several affirmative defenses on behalf of Sea Trans, thus indicating a clear intention on the part of Sea Trans to defend this lawsuit on the merits. Despite Defendant's technical noncompliance with the rules of pleading, Court does not find that Sea Trans has failed to *appear*, plead or *otherwise defend.*

Moreover, Plaintiff has not demonstrated, or even suggested, that any prejudice that would befall him were Sea Trans permitted an opportunity to engage counsel to file a proper answer on its behalf and represent it in this litigation. This litigation is in an early stage, with the parties' Joint

Scheduling Plan only having been approved by the Court on June 30, 2009. While some written discovery has been served, the deadline for completion of fact discovery has not passed, and it appears that no depositions have been taken. Nor have any dispositive motions been filed. The Court concludes that permitting Sea Trans to obtain counsel will not cause substantially delay.

Plaintiff's Renewed and Revised Motion for Entry of Default will, therefore, be denied and Defendant Sea Trans will be given an opportunity to retain counsel and have that attorney submit an answer on its behalf. An appropriate order to that effect is issued simultaneously with this Memorandum Opinion.