# MILL HARBOUR CONDOMINIUM OWNER'S ASSOCIATION, Appellant/Defendant

## v.

# DENESE MARSHALL, MD, Appellee/Plaintiff

S. Ct. Civ. No. 2008-0085

Supreme Court of the Virgin Islands

May 6, 2010

ELLEN G. DONOVAN, ESQ., St. Croix, USVI, *Attorney for Appellant.*

HODGE, *Chief Justice*; SWAN, *Associate Justice*; and HODGE, *Designated Justice.*[1]

## OPINION OF THE COURT

(May 6, 2010)

HODGE, C.J. Appellant Mill Harbour Condominium Owner's Association (hereafter "Mill Harbour"), an association of apartment owners organized pursuant to 28 V.I.C. § 901 *et seq.*, appeals from a September 25, 2008 Superior Court Judgment awarding $2,103.15 to Denese Marshall[2] (hereafter "Marshall") for damages to her vehicle sustained in a parking lot located on its property. For the following reasons, we will reverse the Superior Court's Judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The instant appeal stems from proceedings that began on April 11, 2008, when Marshall filed a complaint with the Small Claims Division of the Superior Court. In her complaint, Marshall alleged that, on the morning of March 6, 2008, she discovered "damage to [her] vehicle in the parking lot of [her] residence at Mill Harbor (sic) Condos," including "a huge dent to [the] left rear quarter and rear bumper of [her] car," but that Mill Harbour management "stat[ed] that they will not be able to assist [her] with fixing [her] vehicle" even though Marshall was "paying to live in a secure gated community for safety concerns." (App. at 2.) On May 23, 2008, Mill Harbour, through an attorney, moved the Superior Court for permission to transfer the matter from the Small Claims Division to the Civil Division so that counsel for an insurance company could appear on behalf of Mill Harbour to defend the action. (App. at 13.)

The Superior Court scheduled the matter for a September 23, 2008 hearing, in which Marshall appeared *pro se* and Paulette Miller (hereafter "Miller"), Mill Harbour's managing agent, appeared on behalf of Mill

---

[1]  Associate Justice Maria M. Cabret has been recused from this matter. Verne A. Hodge, a retired Presiding Judge of the Superior Court, sits in her place by designation pursuant to 4 V.I.C. § 24(a).

[2]  Although designated as the appellee in this matter, Marshall failed to submit an appellate brief, appear at oral arguments, or otherwise participate in these proceedings.

Harbour. At the outset of the hearing, the Superior Court orally denied Mill Harbour's motion for a transfer on the basis that Marshall "is seeking a judgment in the amount of $3,317.15" while "[t]he jurisdictional amount for small claims court is $10,000" and, because "there is no assertion by [Mill Harbour] that there is a counterclaim wherein the amounts would exceed the jurisdictional amount," there was "no appropriate reason why this matter should be transferred . . . to the civil docket." (App. at 28-29.) The Superior Court, after making this determination, proceeded to consider testimony and evidence from both Miller and Marshall. At the hearing, Marshall contended that Mill Harbour possessed a duty to either maintain security cameras in its parking lot, or to inform her of which portions of the parking lot were not being recorded by any cameras. At the conclusion of the hearing, the · Superior Court orally entered judgment in favor of Marshall and awarded her $2,103.15 in damages. The Superior Court entered its Judgment on September 25, 2008, and Miller filed a notice of appeal on behalf of Mill Harbour on October 24, 2008.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE. ANN. tit. 4, § 32(a). Since the Superior Court entered its judgment on September 25, 2008, and Mill Harbour's notice of appeal was filed on October 24, 2008,[3] the notice of appeal was timely

---

[3] This Court notes that Mill Harbour's notice of appeal was not filed by an attorney, but by Miller, who is not licensed to practice law in the Virgin Islands. Although 4 V.I.C. § 112(d) prohibits counsel from appearing on behalf of a party in the Small Claims Division, "[t]here is nothing in [the Virgin Islands] small claims schemata that bars counsel" from filing documents in the Small Claims Division after trial or judgment. *Carr v. Pena*, 432 F. Supp. 828, 833 (D.V.I. 1977). Moreover, notwithstanding section 112(d), this Court's rules require all documents submitted on behalf of corporations and similar entities to be filed by counsel. *See* V.I.S.CT.R. 18(b) ("If a corporation is pursuing or defending an appeal, it must be represented by counsel duly admitted to practice law in the Virgin Islands"); *see also Kevin A. Rames, P.C., v. CML, Inc.*, S. Ct. Civ. No. 2008-046, slip op. at 1 (V.I. Jan. 8, 2009) (rejecting purported *pro se* filing on behalf of corporation). Nevertheless, appellate courts have consistently held that a notice of appeal filed under such circumstances is not void, but merely voidable, and may nevertheless be legally operative if an attorney subsequently enters an appearance on behalf of the corporation or association in the appellate proceedings. *See, e.g.,*

filed. *See* V.I.S.CT.R. 5(a)(1) ("[T]he notice of appeal required by Rule 4 shall be filed with the Clerk of the Superior Court within thirty days after the date of entry of the judgment or order appealed from . . . ").

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the Superior Court's findings of fact are reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). However, since this matter was initiated in the Small Claims Division of the Superior Court, this Court also considers whether the Superior Court "conduct[ed] the trial in such a manner as to do substantial justice between the parties according to the rules of substantive law. . . ." *Gore v. Tilden*, 50 V.I. 233, 236 (V.I. 2008) (quoting SUPER. CT. R. 64).

---

*Instituto de Educacion Universal Corp. v. U.S. Dept. of Educ.*, 209 F.3d 18, 22 (1st Cir. 2000) ("Thus, we hold that a corporate officer may sign and file a notice of appeal on behalf of the corporation, as long as the corporation then promptly retains counsel to take up the cudgels and prosecute the appeal."); *Bigelow v. Brady*, 179 F.3d 1164, 1165-66 (9th Cir. 1999) ("We fail to see any compelling reason to refuse to recognize a corporation's notice of appeal, signed and filed by a corporate officer, so long as a lawyer promptly thereafter enters a formal appearance on behalf of the corporation and undertakes the representation."); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) (holding that corporation's notice of appeal shall be accepted if attorney enters appearance on corporation's behalf within 30 days, but dismissed if no attorney enters appearance); *Boydston v. Strole Development Co.*, 193 Ariz. 47, 969 P.2d 653, 656 (1998) ("A corporation cannot appear without a lawyer, but when it does so its action is not automatically a nullity. A reasonable opportunity should be given to cure the problem. A defective notice of appeal does not necessarily deprive the court of appeals of jurisdiction. It will be sufficient as a notice if it is neither misleading nor prejudicial to the appellee."); *Telepower Communications, Inc. v. LTI Vehicle Leasing Corp.*, 658 So.2d 1026, 1027 (Fla. Ct. App. 1995) (holding notice of appeal filed by non-attorney is not a nullity, but voidable if not remedied by counsel's subsequent appearance).

Here, although Miller filed a notice of appeal on behalf of Mill Harbour, a licensed attorney shortly thereafter entered an appearance on behalf of Mill Harbour and took the steps necessary to prosecute the instant appeal, including submitting a brief written by counsel. Consequently, it is not necessary for this Court to determine whether Virgin Islands law authorizes a non-attorney representative to file a notice of appeal on behalf of a corporation, for, even if Mill Harbour's notice of appeal was defective, Mill Harbour has taken the steps necessary to cure the defect. *See Save Our Creeks v. City of Brooklyn Park*, 699 N.W.2d 307, 309 (Minn. 2005) (adopting curable defect approach to purported *pro se* filings by corporations).

## B. The Superior Court Erred in Holding Mill Harbour Liable to Marshall

Mill Harbour argues, as one of its primary issues on appeal,[4] that the Superior Court erred when it found it liable for the damage done to Marshall's car. Specifically, Mill Harbour contends that "[t]he record is devoid of any proof of any contractual obligation between Mill Harbour

---

[4] In its appellate brief, Mill Harbour also contends that the Superior Court abused its discretion when it denied its May 23, 2008 motion to transfer the case from the Small Claims Division to the Civil Division. The Virgin Islands Code provides that, in matters heard before the Small Claims Division, "[n]either party may be represented by counsel and parties shall in all cases appear in person except for corporate parties, associations and partnerships which may appear by a personal representative." 4 V.I.C. § 112(d). However, in its appellate brief, Mill Harbour expressly states that "[it] does not question the right of the Small Claims Court to prohibit the appearance of attorneys." (Appellant's Br. at 19.) Moreover, Mill Harbour also "concedes that, under prevailing case law, the better practice would have been for Mill Harbour to file the motion to transfer *pro se*, rather than have its prior counsel file it." (Appellant's Br. at 13-14.)

Although Mill Harbour does not identify or discuss the "prevailing case law" in its brief, it likely refers to a series of Superior Court decisions in which documents filed by attorneys on behalf of litigants in the Small Claims Division, prior to the entry of a final judgment, have been deemed nullities. *See, e.g., Lettsome v. V.I. Sea Trans.*, 52 V.I. 109, 114 (V.I. Super. Ct. 2009) (characterizing answer submitted by corporation's attorney in a small claims action as a "nullity"); *Thomas v. St. Croix Marine*, 41 V.I. 3, 5 (V.I. Super. Ct. 1995) ("[A]ll documents filed by counsel on behalf of SMC, i.e., its answer, motion to transfer, and proposed order, are null and void."). *But see Deliver It, Inc. v. Mitchell*, 28 V.I. 25, 29 (V.I. Super. Ct. 1992) ("[N]o parties other than corporations may appear by counsel in the Small Claims Division . . . ."). Because a nullity has no legal effect, appellate courts have held that requesting relief from a trial court in a motion that is later deemed a nullity is not sufficient to preserve the issue for appeal. *See Jones v. Unibilt Industries, Inc.*, 2004 Ohio 5983, ¶ 16 (Ohio Ct. App. 2004) (deeming issue raised only in motion for reconsideration, which constituted a nullity, waived on appeal); *cf. State v. Jordan*, No. M2007-02675-CCA-R3-CD, 2009 Tenn. Crim. App. LEXIS 273, *4 (Tenn. Crim. App. 2009) (holding issues raised only in motion deemed a nullity waived on appeal). Accordingly, although the Superior Court considered Mill Harbour's motion, this Court is unable to review the correctness of the Superior Court's decision if the motion to transfer constituted a nullity. *See V.I. Port Authority v. Joseph*, 49 V.I. 424, 428 (V.I. 2008) (" 'It is well established that failure to raise an issue in the trial court constitutes a waiver of the argument on appeal.' ") (quoting *Gass v. V.I. Tel. Corp.*, 311 F.3d 237, 246, 45 V.I. 649 (3d Cir. 2002)); *see also Martinez v. Colombian Emeralds*, 51 V.I. 174, 187 (V.I. 2009) (holding that Superior Court errs in considering motion not properly before it); *State v. Barkwell*, 590 S.W.2d 93, 95 (Mo. Ct. App. 1979) (holding that appellate court must *sua sponte* determine whether motion was a nullity because a nullity "preserves nothing for appellate review."). Accordingly, because Mill Harbour makes no attempt to argue on appeal that attorneys should be permitted to file documents in the Small Claim Division notwithstanding section 112(d), this Court shall not consider whether the Superior Court erred in denying Mill Harbour's request for a transfer.

and Marshall" and that "[t]he only document introduced at trial was the lease between Marshall and her landlord," to which Mill Harbour was not a party. (Appellant's Br. at 7.) Moreover, Mill Harbour argues that Marshall failed to explain at the September 23, 2008 hearing "how ascertaining the cause of the damage would have either undone the damage or guaranteed her to be made whole in some other way." (Appellant's Br. at 8.) We agree.

■■ "The elements of a negligence cause of action are duty, breach of duty, causation and damages." *Logan v. Abramson Enters., Inc.*, 30 V.I. 72, 73 (D.V.I. 1994) (citing RESTATEMENT (SECOND) OF TORTS § 281 (1965)). Here, the Superior Court failed to make any factual findings that clearly establish the basis for any legal duty Mill Harbour may have owed to Marshall. Significantly, the Superior Court expressly found "that the plaintiff rents a condominium from someone who is the owner of a condo at Mill Harbour," that "[t]here really is nothing contained in the lease agreement that speak[s] to the cameras of the surrounding areas," and that "without more information it is hard for the Court to find that there was a direct line of responsibility between the plaintiff and the defendant." (Supp. App. at 28-29.) Moreover, the lease agreement, by its own terms, states that it is "entered into . . . between Vicky Pederson for: Rodney Stevenson Family Partnership . . . and Denese Marshall," and "advis[e]s [Marshall] to acquire . . . personal property insurance, to cover any of [Marshall]'s personal property in the case of theft" or "vandalism." (App. at 10, 12.) Accordingly, because neither the Superior Court's actual findings, nor any evidence in the record, would support a holding that Mill Harbour owed Marshall a duty to install and maintain cameras in the parking lot, or that Mill Harbour had assumed a duty to act as an insurer of Marshall's vehicle, the Superior Court erred in entering judgment in Marshall's favor.

■ This Court notes, however, that at the September 23, 2008 hearing, Marshall testified that she was told by Mill Harbour security that her car was within view of a functioning camera, and that Miller further testified that "[t]here are some old cameras up there that haven't function[ed] for many, many years," but that "security would not know which of those cameras worked and didn't work." (Supp. App. at 9, 17-18.) However, even if this Court were to assume, without deciding, that this testimony would have been sufficient for a finding that Mill Harbour gratuitously assumed a duty to monitor its parking lot and breached that duty by not

repairing or removing non-functional cameras or informing Marshall of what particular area of the parking lot was not covered by a functional camera,[5] the record contains no evidence that would have allowed the judge to properly find that Mill Harbour's failure caused the damage to Marshall's car.[6] Significantly, the record is devoid of any evidence indicating that a functional camera would have prevented or deterred another car from hitting her parked vehicle.[7] *See Saelzler v. Advanced Group 400*, 25 Cal. 4th 763, 107 Cal. Rptr. 2d 617, 23 P.3d 1143, 1151 (2001) (holding that plaintiff alleging landowner was negligent in failing to implement proper security procedures must establish "that it was more probable than not that," but for the negligence, the harm would not have occurred, and that "proof of causation cannot be based on mere speculation, conjecture and inferences drawn from other inferences to reach a conclusion unsupported by any real evidence."); *Luisi v.*

---

[5] *Compare Ruth B. ex rel. Maldonado v. Whitehall Apartment Co., LLC*, 56 A.D.3d 273, 866 N.Y.S.2d 668, 669 (N.Y. App. Div. 2008) (affirming denial of motion for summary judgment on plaintiff's negligence action, premised on theory that apartment building owner assumed, and breached, duty to maintain and monitor security cameras, resulting in plaintiff's sexual assault) *with Loo v. Artichoke Joe's*, A099351, 2003 Cal. App. Unpub. LEXIS 5578, *15 (Cal. Ct. App. 2003) (holding casino's efforts "to ensure 'adequate protection of customers and employees from harm,' " which included hiring of security guards to occasionally patrol parking lots, did not give rise to assumption of voluntary duty to " 'guarantee the safety' of casino patrons or guarantee to provide constant protection or surveillance of the casino parking lots.")

[6] At the September 23, 2008 hearing, Marshall testified that she moved into Mill Harbour's complex "because [she] wanted to live in a safe, secure neighborhood." (Supp. App. 10.) However, to the extent this statement could be construed as a claim that Marshall would not have rented the unit owned by the Rodney Stevenson Family Partnership had she known the entire parking lot was not covered by functional security cameras, it is irrelevant to the instant action, since Marshall's complaint only sought to recover for damages to her car.

[7] The Superior Court, in its findings of fact, stated that, had Marshall been "put on notice that this particular area is not covered by the cameras, at least she would have been then able to make [a] personal decision . . . to park [t]here and assume the risk, or . . . go someplace else where at least [she] ha[s] some coverage." (Supp. App. at 31.) However, such an inference, without more, is not sufficient to hold that Mill Harbour's negligent act or omission caused the damage to Marshall's car. *See Bradfield v. Stop-N-Go, Inc.*, No. CA 10260, 1987 Ohio App. LEXIS 8763, *5 (Ohio Ct. App. 1987) (affirming trial court's finding "that reasonable minds could not find that the decedent's death was proximately caused by any act or omission of the appellee" when record contained no evidence, other than appellant's unsubstantiated contention, "that but for the alleged representations to Ms. Bradfield that the camera was functional, she would not have worked at the Stop-N-Go.").

*Foodmaster Supermarkets, Inc.*, 50 Mass. App. Ct. 575, 739 N.E.2d 702, 705 (2000) (holding litigant must prove that failure to provide additional security measures would have deterred or prevented injury). *See also Livingston v. Gribetz*, 549 F. Supp. 238, 243 (S.D.N.Y. 1982) ("An act or omission is not regarded as a cause of an event if the particular event would have occurred without it."). Consequently, the absence of any evidence in the record that could support a finding of causation also compels this Court to reverse the Superior Court's September 25, 2008 Judgment.[8]

## III. CONCLUSION

While Superior Court Rule 64 requires the Small Claims Division to do "substantial justice between the parties," it must do so "according to the rules of substantive law." Here, both the Superior Court's own factual findings, as well as the entirety of the limited record developed at the September 23, 2008 hearing, would preclude holding Mill Harbour liable to Marshall because Marshall had failed to establish the duty and causation elements of a negligence action. Accordingly, this Court reverses the Superior Court's September 25, 2008 Judgment.

---

[8]    Because this Court reverses the Superior Court's September 25, 2008 Judgment, it is not necessary or proper for this Court to consider Mill Harbour's argument that the Superior Court erred in its damage award.